**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL RAE WILSON,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>BULLHEAD CITY POLICE<br>DEPARTMENT; et al.,<br><br>        Defendants-Appellees. | No. 23-15468<br><br>D.C. No. 3:21-cv-08118-DLR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted September 17, 2024**

Before:    WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Daniel Rae Wilson appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging Fourth Amendment excessive

force claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

district court's summary judgment and qualified immunity determination.  *Furnace*

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on the basis of qualified immunity because defendants' conduct did not violate clearly established rights. *See Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014) (defendants sued under § 1983 are entitled to qualified immunity unless they violated a right that was clearly established; "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it").

**AFFIRMED.**